[Civ. No. 14277. Second Dist., Div. One. Nov. 2, 1944.]

Estate of MEYER KATZ, Deceased. BESSIE KATZ et al., Appellants, v. E. MAX COHEN, Respondent.

S. J. Silverman for Appellants.

Cantillon & Glover and Milton Krug for Respondent.

DORAN, J.—The opponents to the petition for probate of the will of Meyer Katz, deceased, appeal from the judgment and order granting letters testamentary to respondent. The opposition to the petition herein for probate of the will and for letters testamentary is based upon the contention that, at the time of death, deceased was not a resident of the State of California; and such contention forms the principal basis for the appeal taken herein.

The record reveals that deceased died at St. Louis, Missouri, October 5, 1941. However, it is not disputed that prior to the departure of deceased from California for the last time, late in December, 1940, deceased was a resident of the State of California. The evidence as to the intention of deceased upon leaving California is in conflict. It is not clear from the evidence adduced whether deceased left California with the intention of returning or whether he intended at that time to return to St. Louis, his former home, and settle there. Nor is it clear what intentions deceased formed as to his place of residence at any time after leaving California for the last time in 1940. It appears that at the time deceased left California he was contemplating a business trip to Mexico; that after a brief stay in St. Louis, deceased went on to San Antonio, Texas, where he became seriously ill. Deceased never recovered from this illness. Deceased returned or was taken back to St. Louis, and died there. It is not necessary here to recite all the details of the evidence, including the surrounding circumstances. It is sufficient to state that it appears that the evidence might sustain an inference either for or against the abandonment by deceased of his California residence. Upon this state of facts the court below found that deceased at the time of his death was a resident of the county of Los Angeles, State of California.

Appellants state: ''It is far from our purpose to ask this court to weigh the evidence and determine conflicting testimony. On the contrary, we contend that there is no conflict when ordinary rules are fairly applied.'' Upon the state of the record here presented, where the evidence supports the findings of the trial court, it is difficult to understand how an appellate court may determine that the ordinary rules were not fairly applied by the court below in arriving at the findings of fact there made; and since findings of fact supported by the evidence must inevitably be held correct, it is equally difficult to understand how a determination that the rules were not properly applied would benefit appellants. In other words, the process of reasoning by which the trial court may have arrived at the findings of fact is not open to review by this court if such findings are supported by the evidence; and if the findings reached by the trial court are correct, appellants cannot be held to have been prejudiced by the process through which the trial court arrived at the findings made.

Appellants state the propositions upon which they rely to be as follows: ''I. That witnesses are presumed to speak the truth and that their testimony should, if it is reasonably possible, be reconciled upon the hypothesis that all of them have testified truthfully. II. That the testimony of all of the witnesses as to declarations of the decedent concerning his intention as to where he should be domiciled can be reconciled by a consideration of the fact that every act and every declaration of the decedent after May 30th, 1941 evinced an intention to make his home in St. Louis, Missouri, where he then was. III. That particular weight should be given to the declarations made to members of his household and those whose daily lives will be affected by his decision. IV. That the conduct of a party is usually of more significance in determining his residence than his mere declarations. V. That the decision of the Missouri Court (as to residence), while not conclusive, is entitled to weight and should be presumed to be correct.'' These five propositions are all properly addressed to the trial court as rules to be observed in weighing the evidence. Such propositions form no basis for review on appeal. The sixth and seventh propositions upon which appellants rely are concerned with the character of property sufficient to give a probate court jurisdiction and the situs of intangible property. If the finding of the court as to the residence of deceased is

upheld, these two propositions are immaterial.     The eighth and last proposition of appellants is stated as follows: "That the court erroneously received evidence the sole purpose of which was to destroy the credibility of appellant's witnesses; and while in a case so vigorously tried, some errors in the admission and rejection of evidence is to be expected and should be disregarded unless injury is apparent, here even if there were an actual conflict, the record discloses such an overwhelming superiority in the mass of evidence adduced by appellants over that sought to be opposed to it, as to leave no doubt that the learned trial judge was influenced by the evidence so adduced."

In advancing the argument upon this last proposition, appellants state: "We are anxious not to overemphasize this point. In a trial as long and as vigorously contested as this one was it is almost impossible for the judge, however learned he may be, to avoid all technical errors in the admission and rejection of evidence. It is clearly the intent of our constitution that new trials should not be granted because of such errors if, notwithstanding them a just decision has been rendered. Here, we contend that the decision was not just but unjust; and that this class of errors contributed in a substantial way to the result that was reached." Appellants. however, fail to demonstrate or to point out how they were prejudiced in the admission of the evidence of which they complain, even assuming it to have been inadmissible.

The appeal is without merit; and the judgment and order are affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied November 24, 1944, and appellants' petition for a hearing by the Supreme Court was denied December 28, 1944.